Dosithe Lamoureux
v.
Ovila Dagesse, et al

No. 71629

#### February 28, 1928

WALSH, J. This was a suit on promissory notes by the holder thereof against prior endorsers. The notes were received by plaintiff in the course of his business as contractor on account of work done for defendant Dagesse in the construction of a house for Dagesse. The question involved was whether the notes were received by plaintiff as payment without recourse of the debt due him or whether he received them in the ordinary course of business expecting prior endorsers to compensate him in the event that the notes were not paid at maturity.

The jury was out just seven minutes and from the verdict rendered we feel that due consideration was not given to the matter. If the plaintiff was entitled to recover at all, the strong preponderance of the evidence is with his contention that he is entitled to $1698.09 with interest from May 4, 1927.

Motion for new trial granted.

For plaintiff: Archambault & Lambert.

For defendants: F, A. Toupin.

---

Arthur Holbrook
vs.
United Electric Railways Co.

No. 71960

Mildred Holbrook
vs.
United Electric Railways Co.

No. 71961

#### February 28, 1928.

CAPOTOSTO, J. These actions, brought by husband and wife to recover for personal injuries claimed to have been received by each in a collision between an automobile driven by the plaintiff Arthur Holbrook and a bus of the defendant company, were tried together by agreement of counsel. The jury returned a verdict of $175 in favor of Arthur Holbrook and a verdict of $300 for Mildred Holbrook. The defendant moves for a new trial. No question is raised as to the amounts awarded.

The collision occurred at the intersection of Orms and Smith streets, in the City of Providence, about 6:30 A. M. on May 20, 1927. The roadway was wet although no rain was falling at the time. The testimony as usual was conflicting. The evidence of John Taylor, a witness for the plaintiff, was the most convincing exposition of the occurrence given by either side. After a careful consideration of all the credible testimony, this Court is of the opinion that Mildred Holbrook was injured as the result of the concurring negligence of both drivers. The fair preponderance of the evidence shows that Arthur Holbrook and the bus driver were both lacking in that degree of prudence that the exigency of the moment reasonably required. Mildred Holbrook, being a passenger in the automobile, stands in a different position. In her case the jury was justified in finding that at the time of the collision she was free from blame.

In the case of Arthur Holbrook, the defendant's motion for a new trial is granted. In the case of Mildred Holbrook, the defendant's motion for a new trial is denied.

For plaintiff: Fergus J. McOsker.

For defendant: Earl A. Sweeney and Clifford Whipple.